Case 5:22-cv-00057   Document 12   Filed on 09/15/22 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
September 15, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| TULE ENTERPRISES, LLC,<br>    Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§<br>§ | 5:22-CV-00057 |
| SCOTTSDALE INSURANCE COMPANY,<br>    Defendant. | §<br>§<br>§ | |

### REPORT & RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b)(3). Before the Court is Defendant's Opposed Motion to Deny Plaintiff's Claim for Attorney's Fees. (Dkt. No. 4). This is a first-party insurance claim arising out of wind, rain, and hail damage in May 2019 to a property in Laredo, Texas. (*See* 8/31/22 Initial Pretrial and Scheduling Conference, at 9:38–9:58). Defendant Scottsdale Insurance sold the policy insuring the property to Plaintiff Tule Enterprises. (Dkt. No. 1-1 para. 8; Dkt. No. 6 paras. 6–8). After Plaintiff reported damage to the property, and Defendant denied Plaintiff's "claim for full repairs[,]" Plaintiff sued Defendant for breach of contract, among other claims. (Dkt. No. 1-1 paras. 11, 22–33). Plaintiff sought damages, including attorney's fees (*Id.* at paras. 39–41, 43, 45–46).

Defendant Scottsdale Insurance opposed Plaintiff Tule Enterprises' request for attorney's fees, based on Plaintiff's lack of pre-suit notice as to the specific amount alleged to be owed by insurer Defendant on this claim. (Dkt. No. 4). Because Defendant's motion is consistent with Texas Insurance Code § 542A.007(d), because Plaintiff admitted a lack of a valid basis for opposition to the motion on the record (*see* 8/31/22 Initial Pretrial and Scheduling Conference, 9:38–9:41 a.m.), and because Plaintiff has neither asserted nor proven that giving notice is impracticable, the Court now **RECOMMENDS** that the District Court, after an independent and *de novo* review of the record **GRANT** Defendant's Opposed Motion to Deny Plaintiff's Claim for Attorney's Fees. (Dkt. No. 4).

Texas Insurance Code § 542A.007(d) states that, if an insured plaintiff asserts a first-party claim for storm damage against its property insurer and the defendant insurer "pleads and proves" that it "was entitled to but was not given a pre-suit notice stating the specific amount alleged to be owed . . . under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the [plaintiff]," the court cannot award the plaintiff any attorney's fees "incurred after the date the defendant files the pleading with the court." (*See Decuir v. Allstate Tex. Lloyds*, No. 1:21-CV-00587-MAC-ZJH, 2022 U.S. Dist. LEXIS 76252, at *6–7 (E.D. Tex. 2022) (granting Defendant's motion to limit attorney's fees, barring Plaintiff from recovering any attorney's fees past December 8, 2021, because Plaintiff failed to provide adequate pre-suit notice)). Under this section of the Code, a defendant must file such a pleading no later than 30 days after the date the defendant files an original answer in the court where the action is pending. (Tex. Ins. Code § 542A.007(d)).

Initially, Defendant asserts that Plaintiff did not provide a pre-suit notice stating the specific amount alleged to be owed by the insurer to Defendant at least 61 days before filing the action. (Dkt. No. 4 paras. 2, 4, 6). Defendant offers the Declaration of defense counsel Robert

Wall, who reviewed the claim file, in support, providing evidence that Plaintiff provided no pre-suit notice of a specific alleged amount at all. (Dkt. No. 4 para. 6; *see* Dkt. No. 4-1, Defendant's Exh. A para. 2). In Plaintiff's First Amended Petition, Plaintiff alleged that Plaintiff sent "a demand for proceeds to be paid out in a manner sufficient to cover the damaged [p]roperty," (Dkt. No. 1-1 para. 13), but Defendant asserts that Plaintiff failed to allege that conforming pre-suit notice was provided. (Dkt. No. 4-1, Defendant's Exh. A para. 2). Plaintiff does not appear to rebut this assertion (see below). Consistent with the timely pleading requirement in § 542A.007(d), Defendant moved to oppose attorney's fees on July 11, 2022, less than 30 days after removing to this federal Court in which the action is pending on June 17, 2022, and also less than 30 days after answering in state court on June 13, 2022. (*See* Dkt. No. 1 para. 2; Dkt. No. 4 para. 2).

Next, Plaintiff has not filed a response to Defendant's motion. (8/31/22 Initial Pretrial and Scheduling Conference, 9:38 –9:41 a.m). Under the Southern District of Texas local rules, "[f]ailure to respond to a motion will be taken as a representation of no opposition." (LR 7.4). Moreover, on the record, Plaintiff's counsel stated during the August 2022 Initial Pretrial and Scheduling Conference held for this case that Plaintiff "d[oes not] have a valid basis" for opposing Defendant's motion. (8/31/22 Initial Pretrial and Scheduling Conference, 9:38 –9:41 a.m).

Finally, Plaintiff has not asserted or shown that giving notice is impracticable. Texas Insurance Code § 542A.003(a) exempts a plaintiff seeking damages against an insurer from the 61-day notice requirement if "giving notice is impracticable" because either "the claimant has a reasonable basis for believing there is insufficient time to give the pre[-]suit notice before the limitations period will expire . . ." or "the action is asserted as a counterclaim." (*See Hlavinka Equip. Co. v. Nationwide Agribusiness Ins. Co.*, 546 F. Supp. 3d 534, 537–38 (S.D. Tex. 2021)

(declining to award Plaintiff attorney's fees "incurred after January 14, 2021, the date on which Defendant filed its pleading asserting that it was entitled to but was not given pre-suit notice . . ." because Plaintiff failed to demonstrate that providing notice was impracticable)). Here, Plaintiff has put forth no evidence to demonstrate that providing notice was impracticable nor argued that the exception applies.

Therefore, the Court respectfully **RECOMMENDS** that the District Court **GRANT** Defendant's Opposed Motion to Deny Plaintiff's Claim for Attorney's Fees. (Dkt. No. 4).

SIGNED in Laredo, Texas on September 15, 2022.

_____
DIANA SONG QUIROGA
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties. Any party who objects to any part of this report and recommendation must file specific written objections **within 14 days after being served with a copy**. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).